## HILL v. JOHN H. REBOLD OIL CO. et al.

No. 21574.　Opinion Filed April 12, 1932.

Charles P. Gotwals, John T. Gibson, William A. Killey, and James D. Gibson, for plaintiff in error.

W. J. Peterson, for defendants in error.

PER CURIAM. Action was brought in the district court of Okmulgee county by William McKinley Hill, plaintiff in error, plaintiff below, against the John H. Rebold Oil Company, a corporation, and Albert Shelton, for the cancellation of an oil and gas lease on 40 acres of land in Okmulgee county, as described in the petition. Plaintiff alleges that the defendants have forfeited said oil and gas lease by reason of a failure to produce therefrom oil and gas in paying quantities and to otherwise perform the covenants and comply with the terms and conditions of said lease; that the first well on said lease was a gas well from which the plaintiff received no royalty whatsoever; that the second well drilled on said lease resulted in the discovery of oil, and that from said lease, since March 30, 1927, plaintiff has received only the sum $58.72, and no royalty whatsoever since the 22nd day of May, 1928; that defendants were notified more than six months prior to the filing of the petition to remove their property and vacate said lease and refused to do so; prays for cancellation of said lease, removing same from the record as a cloud on his title. A copy of the oil and gas lease is attached to the petition, also a copy of written notice of forfeiture. Defendants filed answer, admitting the execution and delivery of the lease, but expressly denying that same has been forfeited by failure to produce oil and gas therefrom, and affirmatively aver that the terms and conditions of said lease have been performed and kept, and pray for judgment of the court dismissing plaintiff's petition for want of equity. Reply was filed by the plaintiff denying the allegations of new matter contained in the answer. Jury was waived and the matter tried to the court. At the close of testimony and evidence introduced by the plaintiff, the defendants demurred and the court entered its order sustaining the demurrer to plaintiff's testimony and dismissing plaintiff's petition. From said judgment and order the plaintiff duly perfected his appeal to this court by filing petition in error and case-made herein on August 2, 1930.

Plaintiff in error in due time served and filed brief in full compliance with the rules and order of this court, but the defendants in error have wholly failed to file answer brief, pleading, or any other instrument in said cause on appeal, within the time provided by the rules of this court, or within any extension of time granted by the court, nor have the defendants in error offered any excuse for their failure to do so. It has been repeatedly and consistently held by this court that, where plaintiff in error has served and filed its brief in compliance with the rules of this court, and the defendant in error has neither filed a brief nor offered any excuse for his failure to do so, this court is not required to search the record to find

some theory upon which the judgment of the trial court may be sustained, but may, where the authorities cited in the brief filed appear reasonably to sustain the assignments of error, reverse the cause, with directions, in accordance with the prayer of the petition in error. City National Bank v. Coatney, 122 Okla. 233, 253 P. 481, and followed in subsequent cases.

We have examined the brief of the plaintiff in error, and reviewed the pleadings and the evidence introduced in the trial court and as set forth in said brief, and the assignments of error are reasonably supported by the authorities cited in the brief, and it appears that there was sufficient and competent evidence introduced on the part of the plaintiff to make a prima facie case of forfeiture, as alleged in the petition. Gypsy Oil Co. v. Marsh, 121 Okla. 135, 248 P. 329; Scott v. Price, 123 Okla. 172, 247 P. 103; Parafine Oil Co. v. Cruce, 63 Okla. 95, 162 P. 716; Superior Oil & Gas Co. v. Mehlin, 25 Okla. 809, 108 P. 545.

Plaintiff in error in his brief urges error of the trial court in sustaining the demurrer to the evidence of the plaintiff in error, and prays that judgment of the trial court be reversed and judgment rendered in favor of the plaintiff in error, and that he be restored to all rights lost by the rendition of such judgment.

Under the oft-repeated holdings of this court, plaintiff in error is entitled to have the judgment of the lower court reversed.

This cause is therefore reversed and remanded to the lower court, with directions to set aside its order and judgment sustaining the demurrer to the evidence and dismissing plaintiff's petition, and enter its order overruling the demurrer, and further proceed in said cause in accordance with the views expressed in this opinion.